Reese agt. Stadler.

## N. Y. COMMON PLEAS.

### CATHARINE REESE agt. HENRY STADLER.

*New trial — Newly-discovered evidence — Prejudice of jury — Misconduct.*

A motion for a new trial on newly-discovered evidence will not be granted if the evidence is such that the defendant could have procured it.

Where it appeared that after their verdict had been rendered the jury shook hands with the plaintiff and congratulated her, one juror telling her " to have no fear the old man (meaning defendant) was rich and she would get her money," another juror saying "it was a skin game from the word go: "

*Held,* that these remarks, notwithstanding their obscurity, indicate a lively attention to the merits of the case by the jury, and as they were not delivered until after the verdict was rendered and the jury discharged do not, and cannot, affect their verdict.

*Special Term, January,* 1878.

MOTION for a new trial by defendant.

*Charles Goeller,* for defendant.

*Christian G. Moritz & Wolfgang-Küffner,* for plaintiff.

J. F. DALY, *J.* — I have read the case and the affidavits for a new trial; the issue submitted to the jury was one of veracity; plaintiff and her sister were opposed, as witnesses, to defendant and his son ; the jury believed the story told by the former. The question tried was, whether the money loaned by plaintiff on November 18, 1871, was advanced to defendant, or given to defendant as a loan by plaintiff to his

Reese agt. Stadler.

son.   The jury found that the loan was made to defendant who had asked it in order to help his son, and that the credit was given to the former and not to the latter.

The fact was that defendant solicited the money from plaintiff for the use of his son, and the probability is that the plaintiff intended to advance the money on his credit, and that the occurrence was as related by her on the trial.

The newly-discovered evidence was available to defendant at the time of the trial, and he should then have brought it forward.   It is the testimony of his wife, and consists of admissions made by plaintiff to her contradicting plaintiff's claim.   It is difficult to understand how the defendant could have been in ignorance of this evidence during the pendency of the suit.   He swears that he did not know of it; but as he states, immediately afterward, that he asked his counsel, on one occasion, whether his wife was a competent witness, and understood his counsel to say that she was not, there is no doubt as to the good faith of his present ignorance.

The jury are accused by defendant of prejudice and misconduct.   It does not appear that any complaint was made, during the trial, of their want of attention, or of any indications of prejudgment, or of indifference.   It does appear that after the rendering of their verdict they shook hands with the plaintiff and congratulated her; that one juror told her to have no fear, the old man (meaning defendant) was·rich, and she would get her money; and that another juror made use of the portentous expression that "it was a skin game from the word go."   These remarks, notwithstanding their obscurity, indicate a lively attention to the merits of the case by the jury; and as they were not delivered until after the verdict was rendered, and the jury were discharged, do not and cannot affect their finding.

The motion is denied, with costs.